Herman Franck, Esq. (SB #123476)
Elizabeth Betowski, Esq. (SB #245772)
**FRANCK & ASSOCIATES**
910 Florin Road, Suite 212
Sacramento, CA 95831
Tel. (916) 447-8400; Fax (916) 447-0720

Attorneys for Plaintiff Thomas Lutge

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS H. LUTGE, P.E., <br><br> Plaintiff, <br><br> v. <br><br> TYRA HARRINGTON, J.D. & M.B.A.; MICHAEL CAREY; MARK FRANCESCHI; SCOTT HUNSPERGER; COUNTY OF SONOMA, <br><br> Defendants | Case No. 22-CV-00585-**JST** <br><br> **PLAINTIFF THOMAS H. LUTGE, P.E.'S MOTION FOR RESTRAINING ORDER AND REQUEST FOR ORDER TO SHOW CAUSE TO ISSUE AGAINST DEFENDANTS, REQUIRING THEM TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULDN'T ISSUE** |

Plaintiff Thomas H. Lutge hereby moves the Court pursuant to Fed.R.Civ.P., Rule 65 and Local Rule 65-1 for a restraining order against defendants Tyra Harrington, JD & MBA; Michael Carey; Mark Franceschi; Scott Hunsperger, and the County of Sonoma, enjoining and stopping defendants from demolishing the buildings and structures on plaintiff's real property located at 3698 Petaluma Boulevard North, Petaluma, CA 95952; praying a further request for an affirmative injunction requiring Defendants to accept for regular processing his building permit applications, and to allow the regular process of permit application review to take place, or such other restraining order and or affirmative injunction as the court deems just and appropriate.

Plaintiff further requests the issuance of an Order to Show Cause against each of the defendants Tyra Harrington, JD & MBA; Michael Carey; Mark Franceschi; Scott Hunsperger, and the County of Sonoma, requiring the Defendants to appear in this case and show cause as to why a preliminary injunction under Fed.R.Civ.P. Rule 65 should not issue on the same terms as the initially-issued restraining order, or such other preliminary injunction as the Court deems just and appropriate.

This motion for a temporary restraining order and request for issuance of an Order to Show Cause is made on the basis that the Defendants' conduct as described in the accompanying verified complaint, the accompanying declaration of Thomas H. Lutge, and the accompanying declaration of witness Mark Benda show a substantial likelihood of Plaintiff's success on the merits of his claims that the Defendants are guilty of violating his rights protected by the Due Process Clause of the 14th Amendment of the United States Constitution, and under the First Amendment Right to Freedom of Speech and Right to Seek Redress of Grievances from the Government, and Fifth Amendment Takings Clause violation for taking the substantial value of his real property for public purposes without just compensation.

Lutge has shown that unless injunctive relief is granted, he will suffer irreparable harm. A constitutional violation is presumed to cause irreparable harm, for which injunctive relief is available.

Lutge also qualifies for irreparable harm due to the unique, irreplaceable, nature of property, for which there are no substitutes.

2

*Lutge v. County of Sonoma et al.*
Application for TRO and OSC re Preliminary Injunction

Lutge's purpose, motivation, and current ownership of these lands was specifically an attempt to keep the buildings as they are, but legalize the buildings fully to make them code compliant; and to then to keep the buildings as a crime memorial of a place where Lutge's daughter and many other underage girls were California public school kidnap and child rape sex crimes victims of the workers who previously lived in these buildings. Mr. Lutge has described his intended use of these premises as follows [see Decl. T. Lutge, paragraphs 60-61:

> "60. What I can say on my behalf is that the issue came down to the stated use of the property. My stated use, as I have made very clear in all these proceedings and with the multiple filings I gave to the hearing officer, was to provide a crime memorial for my dead daughter, who was a victim of California public school kidnapping and sex crimes at these very buildings.
>
> 61. I made a big effort to bring those crimes to justice. I have gone to multiple law enforcement agencies about it. I've gone to the California attorney general's office about it. I have gotten nowhere on it. About the only thing I can imagine doing to bring any sense of justice to it is to create this crime memorial. I made that very clear on my permit application papers; it's on the first page; it's on multiple other pages, and as can be seen from Michael Carey's statements directly to Tawni Aaron. My stated use was simply not acceptable to the County, and on that basis they have rejected these plans."

The County of Sonoma has an official policy to disallow this use as a crime memorial, and has a custom, practice, and policy of denying Lutge's intended use of the property. The County is motivated in substantial part because it simply doesn't want the crime memorial, but in another

substantial part, Lutge, somewhat through serendipity, discovered quite a scandal done by the County of Sonoma in the form of an engineering blunder of placing and 18-inch roadway drainage pipe through the septic tank servicing the three buildings of migrant workers. This was a busy septic tank. The obvious defect was to cause a substantial flow of human feces into the adjoining Petaluma River. There was a spike in *e. coli* readings; people got sick; people died; and nobody knew where all this *e. coli* was coming from. It was coming from the septic tank because the County put this drainage pipe into it. Lutge, a licensed general contractor and professional engineer [B.S. civil engineering, structural engineering from UC Berkeley; M.S. structural engineering, UC Berkeley; State of California professional engineer license number PE S003160; general contractors license number 552073], uncovered this with the assistance of a geotechnical engineer. The County is not interested in word or publicity about this uncovering; the County is the one who put that pipe in there, and while the EPA was out trying to clean it up, the County sat quietly and never informed the EPA of what the source of the *e. coli* was. The EPA never did figure it out. Lutge figured it out, and now the County doesn't want to let Lutge do anything out there that will further uncover this nasty truth. These Sonoma County officials' only job is to protect human life and these officials here should be fired.

This motion for restraining order and application for an order to show cause will be based on the following documents:

1. The Verified Complaint of Thomas H. Lutge for Violation of the Federal Civil Rights Act;
2. The accompanying Memorandum of Points and Authorities;
3. The accompanying Declaration of Thomas H. Lutge;

4. The accompanying Declaration of Mark Benda;

5. The accompanying Declaration of Herman Franck, Esq.;

6. The accompanying Request for Judicial Notice including evidence of exhaustion of administrative remedies in the form of the December 15, 2021 final decision by an administrative hearing officer and the January 24, 2022 post-hearing further decision clarifying that there should be no further motions of any sort before the hearing officer. See Request for Judicial Notice Exhibits A and B thereto;

7. The accompanying Proposed Restraining Order and Order to Show Cause re Preliminary Injunction.

Respectfully submitted,

/s/ Herman Franck, Esq.
_____
Herman Franck, Esq.
Franck & Associates
Attorney for Plaintiff Thomas Lutge

Date: January 28, 2022

5
Lutge v. County of Sonoma et al.
Application for TRO and OSC re Preliminary Injunction